IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| LUCIO GONZALEZ, #A0742253, | ) | CIVIL NO. 11-00141 JMS-BMK |
|---|---|---|
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION |
| vs. | ) | |
| | ) | |
| HAWAII PAROLING AUTHORITY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DISMISSING PETITION

Before the court is pro se Petitioner Lucio Gonzalez's ("Gonzalez") Petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gonzalez challenges the Hawaii Paroling Authority's ("HPA") decision to increase his minimum term from thirty years to fifty years. Because the Petition is unexhausted, it is DISMISSED without prejudice.[1]

## I. BACKGROUND[2]

In 1992, Gonzalez pled no contest in CR. No. 91-375(3) to Murder in

---

[1] Exhaustion is a "threshold barrier" to habeas relief that the court may consider *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 205, 209 (2006); 28 U.S.C. § 2254(b)(1, 3); *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) (holding that courts have discretion to consider exhaustion issues despite the State's failure to raise the affirmative defense).

[2] These details are taken from the Petition and the memorandum in support and exhibits.

the Second Degree in violation of Hawaii Revised Statutes ("HRS") § 707-701.5 (Supp. 1992), in the Circuit Court of the Second Circuit of the State of Hawaii. Gonzalez was sentenced to a term of life imprisonment with the possibility of parole. On January 18, 1993, the HPA set Gonzalez's minimum term of imprisonment at thirty years. The HPA's Notice and Order Fixing Minimum Term of Imprisonment ("Minimum Term Order") did not indicate his level of punishment, which is used to determine minimum terms, or the significant criteria upon which his minimum term decision was based, as required by the HPA's 1989 Guidelines for Establishing Minimum Terms of Imprisonment ("HPA Guidelines").[3] Gonzalez did not directly appeal or file any state or federal post-conviction petitions.

In 2010, after approximately twenty years imprisonment, Gonzalez requested a hearing to reset his minimum term. Gonzalez believed that, based on *Coulter v. State*, 116 Haw. 181, 172 P.3d 493 (2007), he was entitled to a

---

[3] Section III of the HPA Guidelines, entitled "Issuance of Decision," states:

> The Order Establishing Minimum Terms of Imprisonment (DOC # 10029) will include the specific minimum terms(s) [sic] established in years and/or months, the level of punishment (Level I, II, or III) under which the inmate falls, and the significant criteria upon which the decision was based.

avail. at http://hawaii.gov/psd/attached-agencies/hpa/Minimum-Guidelines, last viewed on March 14, 2011.

correction and reduction of his minimum term.[4]  On September 21, 2010, the HPA notified Gonzalez that it had scheduled a new minimum term hearing on October 18, 2010, to be held by videoconference.  *See* Doc. 2-2, Mem. Ex. E.  After the hearing, on October 26, 2010, the HPA issued a new Minimum Term Order clarifying that Gonzalez's Level of Punishment was Level III, detailing the significant factors considered in determining his level of punishment and minimum term, and resetting his minimum term from thirty years to fifty years.  *See id.*, Ex. F.

On January 18, 2011, Gonzalez wrote to the HPA, expressing his dismay at the significant increase of his minimum term, inquiring if a mistake had been made, and seeking clarification.  *Id.* Ex. G.  On January 21, 2011, the HPA Acting Chairperson, Max Otani, responded to Gonzalez's letter.  *Id.* Ex. H.  Otani explained that the HPA, which was comprised of different members than those who set Gonzalez's minimum term, had no obligation to remain within the Level of Punishment originally set in his case and had full discretion to reset the minimum term as they determined was necessary.

---

[4] *Coulter* holds that (1) the HPA violates its own guidelines by failing to detail the level of punishment and criteria on a Minimum Term Order; and (2) when an entirely new parole board issues an amended Minimum Term Order without holding a new hearing, the original violation is not cured.  The Hawaii Supreme Court declined to decide whether this violates either the state or federal constitutions, and confined its holding to a narrow finding that it is a violation of HPA guidelines only.

The instant Petition followed.  Gonzalez argues that the HPA increased his minimum term in retaliation for his requesting a new minimum term hearing, violating the Ex Post Facto Clause and Double Jeopardy.  Gonzalez concedes that he has not appealed the HPA's decision, either through further administrative review or by means of a Hawaii Rules of Penal Procedure ("HRPP") Rule 40 post-conviction petition.  *See* Pet. at 6 ¶¶ (c-d).

## II. **DISCUSSION**

"[T]he availability of federal habeas relief is limited . . . to claims previously 'adjudicated on the merits' in state-court proceedings.  *Harrington v. Richter*, --- U.S. ----, 131 S.Ct. 770, 780 (2011).  A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of each and every issue raised in the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus shall not be granted unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

4

A Hawaii prisoner may challenge parole decisions by filing a post-conviction petition pursuant to HRPP 40. *See Williamson v. Haw. Paroling Authority*, 97 Haw. 183, 35 P.3d 210 (2001) (holding that a petition to challenge the HPA's setting of minimum term should be processed as HRPP Rule 40 Petition, not a civil action).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also, Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). A fully unexhausted petition must be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Rasberry v. Garcia*, 448 F.3d 1150, 1151, 1154 (9th Cir. 2006) (amended petition does not relate back to original petition that district court dismissed as wholly unexhausted).

Gonzalez concedes that his claims are fully unexhausted. Before he may commence a federal action challenging the HPA's decision regarding his minimum term, he must first do so in the Hawaii state courts by way of a HRPP Rule 40 petition. *See Williamson*, 35 P.3d at 221. The Petition is therefore DISMISSED without prejudice as unexhausted.

## III. CONCLUSION

It appears clearly from the face of the Petition and its appendices that Gonzalez's claims are unexhausted. The Petition is thus DISMISSED as unexhausted pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This dismissal is without prejudice to commencing a new action once Gonzalez has fully exhausted his claim. All pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 14, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Gonzalez v. Hawaii Paroling Authority*, Civ. No. 11-00141 JMS-BMK; Order Dismissing the Petition; pro se attys/Habeas/dmp/2011/exh/Gonzalez 11-141 JMS (unexh)